```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF PUERTO RICO
 2    _____

 3    UNITED STATES OF AMERICA,          CASE NO.: 20-CR-382-RAM

 4            PLAINTIFF,

 5    V.                                 HATO REY, PUERTO RICO

 6    RAFAEL TEXIDOR-PEREZ,              FEBRUARY 1, 2024

 7            DEFENDANT.                 THURSDAY - 10:30 A.M.

 8    _____

 9                     SENTENCING PROCEEDINGS
           BEFORE THE HONORABLE CHIEF JUDGE RAUL ARIAS-MARXUACH
10             UNITED STATES DISTRICT COURT OF PUERTO RICO
                 _____
11    APPEARANCES:

12    FOR THE GOVERNMENT:

13    AUSA ANTONIO PEREZ-ALONSO
      UNITED STATES DEPARTMENT OF JUSTICE
14    UNITED STATES ATTORNEY'S OFFICE
      350 CARLOS CHARDON AVE.
15    SUITE 1201
      SAN JUAN, PR 00918
16    787-370-6519

17    FOR THE DEFENDANT:

18    KEHYLIS Y. VAZQUEZ-TORRES
      1353 LUIS VIGOREAUX AVE.
19    PMB 738
      GUAYNABO, PR 00966
20    787-240-8196
      EMAIL: KVAZQUEZLAW@GMAIL.COM
21

22    COURTROOM DEPUTY:

23    MRS. NATASSIA Z. OCHOA

24

25
```

```
 1                      P-R-O-C-E-E-D-I-N-G-S

 2          COURTROOM DEPUTY:  CRIMINAL CASE NUMBER 20-382,

 3   UNITED STATES OF AMERICA VERSUS RAFAEL TEXIDOR-PEREZ FOR

 4   SENTENCING HEARING.

 5          APPEARING ON BEHALF OF THE GOVERNMENT IS AUSA

 6   ANTONIO PEREZ.

 7          ON BEHALF OF THE DEFENDANT IS BEING REPRESENTED BY

 8   ATTORNEY KEHYLIS VAZQUEZ-TORRES.

 9          THE DEFENDANT IS PRESENT IN COURT AND IS BEING

10   ASSISTED BY A CERTIFIED COURT INTERPRETER.

11          THE COURT:  GOOD MORNING, COUNSEL.  PLEASE ENTER

12   YOUR APPEARANCES FOR THE RECORD.

13          MR. PEREZ-ALONSO:  GOOD MORNING, YOUR HONOR.  AUSA

14   ANTONIO PEREZ-ALONSO ON BEHALF OF THE UNITED STATES.  WE ARE

15   READY TO PROCEED, YOUR HONOR.

16          MS. VAZQUEZ-TORRES:  KEHYLIS VAZQUEZ-TORRES ON

17   BEHALF OF THE DEFENDANT, YOUR HONOR.  WE ARE READY TO

18   PROCEED.

19          THE COURT:  BEFORE WE BEGIN, MR. TEXIDOR, ARE YOU

20   ABLE TO HEAR THE INTERPRETATION OF THE PROCEEDINGS THROUGH

21   THE HEADSET?

22          THE DEFENDANT:  YES.

23          THE COURT:  THEN GOOD MORNING TO YOU AS WELL.

24          INTERPRETER:  THIS IS THE INTERPRETER.  THE

25   DEFENDANT DOES NOT REQUIRE THE SERVICES OF THE INTERPRETER.
```

| 1 | **THE COURT:** GOOD MORNING, MR. TEXIDOR. I UNDERSTAND |
| 2 | THAT YOU DO NOT REQUIRE THE SERVICES OF AN INTERPRETER, |
| 3 | CORRECT? |
| 4 | **THE DEFENDANT:** YES. |
| 5 | **THE COURT:** MR. TEXIDOR, DID YOU UNDERSTAND YOUR |
| 6 | ATTORNEY'S EXPLANATIONS CONCERNING THE PROBATION OFFICER'S |
| 7 | REPORT FOR YOUR CASE? |
| 8 | **THE DEFENDANT:** YES, SIR. |
| 9 | **THE COURT:** DO YOU HAVE ANY DOUBTS OR ANY QUESTIONS |
| 10 | CONCERNING THE PROBATION OFFICER'S REPORT? |
| 11 | **THE DEFENDANT:** NO, I DON'T. |
| 12 | **THE COURT:** ATTORNEY VAZQUEZ, DO YOU HAVE ANY |
| 13 | OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT? |
| 14 | **MS. VAZQUEZ-TORRES:** NO, YOUR HONOR. |
| 15 | **THE COURT:** AUSA PEREZ-ALONSO, DOES THE GOVERNMENT |
| 16 | HAVE ANY OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT? |
| 17 | **MR. PEREZ-ALONSO:** WE DO NOT, YOUR HONOR. |
| 18 | **THE COURT:** I NOTE FROM THE RECORD THAT ATTORNEY |
| 19 | VAZQUEZ FILED A SENTENCING MEMORANDUM ON BEHALF OF |
| 20 | MR. TEXIDOR. NEVERTHELESS, DO YOU WISH TO MAKE A STATEMENT |
| 21 | ON BEHALF OF YOUR CLIENT BEFORE I PROCEED TO SENTENCE? |
| 22 | **MS. VAZQUEZ-TORRES:** YES, YOUR HONOR, I DO. |
| 23 | **THE COURT:** PLEASE GO AHEAD. |
| 24 | **MS. VAZQUEZ-TORRES:** YOUR HONOR, FIRST OF ALL, WE |
| 25 | WOULD LIKE TO ADDRESS THE PLEA AGREEMENT AND THE TERMS AND |

1    CONDITIONS CONTAINED WITHIN THE AGREEMENT.

2            THE SENTENCING RECOMMENDATION BETWEEN THE PARTIES IS

3    A RANGE OF IMPRISONMENT BETWEEN 135 MONTHS TO 180 MONTHS.  I

4    WOULD LIKE TO HIGHLIGHT TO THE COURT THAT, AFTER ZEALOUS PLEA

5    NEGOTIATIONS, THIS AGREEMENT WAS REACHED.

6            THE AGREEMENT ALSO TAKES INTO ACCOUNT NOT ONLY

7    PARTICULAR CIRCUMSTANCES OF MY CLIENT, THE NATURE OF THE

8    OFFENSE OF THE CASE BUT IT ALSO TAKES INTO ACCOUNT THE

9    CRIMINAL HISTORY CATEGORY OF MY CLIENT.

10            IN ADDITION, IT IS A SENTENCE THAT -- A PLEA

11    AGREEMENT THAT THE LOWEST AMOUNT REQUESTED BY THE DEFENSE,

12    135 MONTHS, IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO

13    COMPLY WITH THE SENTENCING FACTORS.

14            MOST IMPORTANTLY, A SENTENCE OF 135 MONTHS, YOUR

15    HONOR, CONSIDERS THE NATURE OF THE OFFENSE, SENDS A MESSAGE

16    OF DETERRENCE TO OTHERS IN THE COMMUNITY AND MOST IMPORTANTLY

17    ALSO ALLOWS FOR THE REHABILITATION JOURNEY OF MY CLIENT, THAT

18    HE HAS ALREADY BEGUN SINCE 2020, TO BE COMPLETED.

19            IN ADDITION, 135 MONTHS, YOUR HONOR, WOULD ALLOW MY

20    CLIENT TO ACQUIRE THE NECESSARY TOOLS FOR HIS REINTEGRATION

21    INTO SOCIETY.

22            I WOULD ALSO LIKE TO HIGHLIGHT THAT, OUT OF THE

23    FIRST FOUR CO-DEFENDANTS IN THIS CASE, WHICH HAS BEEN A

24    LENGTHY CASE, THE FIRST FOUR DEFENDANTS RECEIVED THE LOWEST

25    SENTENCE POSSIBLE, ACCORDING TO THE PLEA AGREEMENT, WHICH WAS

1    135 MONTHS OF IMPRISONMENT.

2           THE REASON I AM HIGHLIGHTING THIS FOR YOUR HONOR,

3    OUT OF THE FOUR FIRST CO-DEFENDANTS IN THE CASE, THE FIRST

4    THREE HAVE VERY SIMILAR CIRCUMSTANCES.  BY THIS, I MEAN

5    SIMILAR CRIMINAL HISTORY CATEGORY POINTS, THE SIMILAR

6    PARTICIPATION OR ROLE IN THE CONSPIRACY, AS SUPPORTED BY THE

7    DISCOVERY AND THEY ALSO HAVE SIMILAR AGES.

8           AS TO THE MATTER OF THE SIMILARITIES AND THE

9    SENTENCE THAT THE OTHER TWO INDIVIDUALS HAVE ALREADY

10   RECEIVED, I WOULD LIKE TO HIGHLIGHT THE FACT OF THE ROLE AND

11   THE PARTICIPATION OF THE THREE OTHER DEFENDANTS IN THE

12   CONSPIRACY AND, BASED HOW ON THE DISCOVERY THAT WAS TENDERED,

13   IT IS COMPLICATED TO SAY OR IT'S NOT EASILY SEEN WHO HAS

14   CAPACITY OF AUTHORITY OVER OTHERS IN THE GROUP OR WHO HAS A

15   LEADERSHIP VOICE OVER THE OTHERS IN THE CONSPIRACY.

16          FOR EXAMPLE, AS I JUST MENTIONED, DEFENDANT NUMBER

17   TWO WHO, AS IT TURNS OUT FROM DISCOVERY, WAS THE ONE WHO

18   RECRUITED MY CLIENT INTO THE CONSPIRACY AND HE RECEIVED 135

19   MONTHS.  HE WAS LATER SENTENCED TO 120 BASED ON THE AMENDMENT

20   §4C1.1 OF THE SENTENCING GUIDELINES.

21          AS TO DEFENDANT NUMBER THREE, HE WAS ALSO SENTENCED

22   TO 135 MONTHS AND HE ALSO HAD CRIMINAL HISTORY POINTS AS MY

23   CLIENT.  PLUS, HIS PARTICIPATION AND ROLE IN THE CONSPIRACY

24   WERE BASICALLY THE SAME AND NO ADDITIONAL POINTS WERE ADDED.

25          I HAVE TO HIGHLIGHT THE SIMILARITIES BETWEEN MY

1    CLIENT AND TWO OF THE FIRST FOUR DEFENDANTS SINCE THEY BOTH

2    HAVE THE SAME PLEA AGREEMENTS AND RECEIVED THE LOWEST AMOUNT

3    POSSIBLE OF 135 MONTHS EACH.

4            MOREOVER, YOUR HONOR, MY CLIENT'S AGE SHOULD BE

5    TAKEN INTO ACCOUNT AS A LOW RECIDIVIST RISK FACTOR.  RAFFY,

6    AS HIS FRIENDS CALL HIM, IS ALMOST 50-YEARS OLD TODAY.  BY

7    THE TIME HE COMPLETES THE LENGTHY SENTENCE TO BE IMPOSED,

8    YOUR HONOR, HE WILL BE ALMOST 60 AND AGE HAS BEEN CONSIDERED

9    A LOW RECIDIVISM FACTOR.

10            ALSO, YOUR HONOR, IN ADDITION TO AGE, I WOULD ALSO

11   LIKE TO ADD THAT, DURING THE PAST THREE YEARS AT MDC, MY

12   CLIENT HAS BEEN A ROLE MODEL AND I SAY THIS BY THE FACT THAT

13   HE HAS BEEN ACTIVELY WORKING AS AN ORDERLY WHEN WORK IS

14   AVAILABLE AT MDC, WHICH IS NOT ALWAYS AVAILABLE FOR INMATES.

15   HE ALSO HAS BEEN VERY ACTIVE IN PARTICIPATING IN EVERY

16   EDUCATIONAL PROGRAM PROVIDED AT THE FACILITY.  ONCE AGAIN,

17   YOUR HONOR, THIS IS NOT OBLIGATED.  THIS IS WHERE INMATES

18   ENROLL TO PARTICIPATE.  SOME DON'T EVEN GO TO THE PROGRAMS.

19            HE HAS BASICALLY BEEN A PERSON THAT HAS NOT BEEN IN

20   TROUBLE, NO ADMINISTRATIVE OR CONDUCT ISSUES AND HE HAS

21   FOCUSED MAINLY ON HIS REHABILITATION JOURNEY ACQUIRING THE

22   SKILLS TO BE READY FOR HIS TIME UPON RELEASE.

23            ALSO, YOUR HONOR, RAFAEL HAS THE LOVE AND SUPPORT OF

24   HIS FAMILY MEMBERS IN SPITE OF GRAPHICAL DISTANCE.  I WOULD

25   LIKE TO ACKNOWLEDGE TO THE COURT TODAY HIS UNCLE, HIS

1    SISTER-IN-LAW AND SOME NEPHEWS.

2            AS TO HIS THREE CHILDREN, THEY WERE NOT ABLE TO BE

3    HERE BECAUSE NOT ALL OF THEM RESIDE IN PUERTO RICO AND THEY

4    WORK.  BUT THEY HAVE ALSO DEMONSTRATED SUPPORT DURING THE

5    ENTIRE ORDEAL.  THEY ARE ALSO WILLING AND ABLE TO GIVE THEIR

6    FATHER A HAND UPON RELEASE ON REINTEGRATION INTO SOCIETY.

7            AS TO REINTEGRATION INTO SOCIETY, MY CLIENT'S FATHER

8    WHO LIVES IN NEW YORK IS WILLING AND ABLE TO HAVE HIM AT HIS

9    HOUSE ONCE HE IS RELEASED AFTER SERVING THE SOON-TO-BE

10   IMPOSED SENTENCE TODAY.

11           I WOULD ALSO LIKE TO HIGHLIGHT THAT MY CLIENT HAS

12   HAD PRIOR STINTS WITH THE LAW, MOSTLY WHEN HE WAS A YOUNGER

13   MAN.  ALTHOUGH HE HAS ALREADY ACCEPTED AMENDS WITH HIS PAST

14   WRONGDOINGS, I NEED TO MENTION TO THE COURT, AS MENTIONED IN

15   MY SENTENCING MEMORANDUM, THAT MY CLIENT SUFFERED A VERY HARD

16   UPBRINGING, DURING HIS YOUNGER YEARS, ADOLESCENT YEARS.

17           HE GREW UP IN A BROKEN HOME UNDER THE CARE OF A

18   SINGLE MOTHER WHO BASICALLY WORKED AS MUCH AS SHE COULD TO

19   MAKE ENDS MEET AND BARELY MADE THEM.  RAFAEL WAS LIVING LIKE

20   A NOMAD WHEN HE WAS GROWING UP BECAUSE THE MOTHER WAS UNABLE,

21   ON OCCASIONS, TO PAY RENT.

22           AT THIS TIME, YOUR HONOR, HE FACED SEVERAL TRAUMATIC

23   SITUATIONS UNDER THE CARE OF FAMILY MEMBERS.  NEEDLESS TO

24   SAY, YOUR HONOR, THOSE SITUATIONS CHANGE A PERSON.  IN SPITE

25   OF THOSE HARDSHIPS HE FACED AS A YOUNG KID, HE CONTINUED WITH

1    HIS LIFE.  HE GRADUATED HIGH SCHOOL AND WENT BACK TO NEW YORK

2    AT THE AGE OF 18.  HE DID THIS UNDER THE ILLUSION OF BEING

3    ABLE TO REKINDLE WITH HIS FATHER.  UNFORTUNATELY, HE

4    ENCOUNTERED A VERY DIFFERENT SITUATION FROM THE ONE THAT HE

5    WAS EXPECTING.

6         HIS FATHER WAS A DRUG ADDICT AND HE WAS LEFT TO CARE

7    FOR HIS FIVE-YEAR-OLD DAUGHTER BACK THEN, RAFAEL'S HALF

8    SISTER.  IN SPITE OF THIS ROUGH SITUATION, RAFAEL DECIDED TO

9    STAY ALONG SIDE HIS FATHER BEING ONLY 18, AND HE INTERVENED

10   WITH THE SITUATION.  HIS FATHER WAS AN IN-PATIENT AT A REHAB

11   CLINIC.  TO THIS DAY, HE HAS NEVER RELAPSED.

12        DURING THOSE YEARS TOO, BEING ONLY 18 AND AFTER ALL

13   THE HARDSHIPS FACED, RAFAEL STILL SHOWED BEING A MAN OF GOOD

14   HEART AND HE STAYED AND TOOK CARE, BASICALLY RAISED AS THE

15   DAUGHTER, HIS YOUNGER SISTER.

16        AS THE YEARS PAST, RAFAEL CAME BACK TO PUERTO RICO,

17   BECAME A FATHER AND WE ARE HERE TODAY.

18        YOUR HONOR, I HOPE THAT YOU CAN CONSIDER RAFAEL AND

19   TAKE INTO ACCOUNT THE PARTICULAR LIFE CIRCUMSTANCES THAT HAVE

20   BEEN PROFFERED NOT ONLY TODAY BUT AT THE SENTENCING

21   MEMORANDUM AND DURING THE PSR OF THE PRESENTENCE

22   INVESTIGATION INTERVIEW THAT YOUR HONOR CAN TAKE INTO ACCOUNT

23   AND COMPARE THE OTHER TWO CO-DEFENDANTS THAT ARE THE FIRST

24   FOUR IN THIS CONSPIRACY, TAKE INTO ACCOUNT THE SIMILARITIES

25   OF THOSE TWO, NUMBER 2 AND NUMBER 3 IN AGE, IN CRIMINAL

1    HISTORY POINTS AND IN PARTICIPATION IN THE CONSPIRACY WHEN

2    DECIDING IF MY CLIENT DESERVES OR NOT TO BE ADDED POINTS FOR

3    THE SECTION 3B1.1.

4            AS MENTIONED EARLIER, ALL OF THOSE FACTORS HAVE BEEN

5    TAKEN INTO ACCOUNT IN THE PLEA NEGOTIATIONS AND THE

6    GOVERNMENT AGREED FOR THE DEFENSE TO ARGUE FOR THE LOWEST

7    AMOUNT POSSIBLE WHICH IS 135 MONTHS.  THIS IS A SENTENCE THAT

8    IS SUFFICIENT BUT NOT GREATER THAN NECESSARY, YOUR HONOR.

9            THANK YOU.

10           **THE COURT:**  THANK YOU.

11           MR. TEXIDOR, DO YOU WISH TO MAKE A STATEMENT?

12           **THE DEFENDANT:**  YES, SIR.  WITH ALL DUE RESPECT,

13   YOUR HONOR, I WOULD LIKE TO SPEAK IN SPANISH, MY FIRST

14   LANGUAGE.

15           **THE COURT:**  GO AHEAD.  WE HAVE THE INTERPRETERS

16   HERE.

17           **THE DEFENDANT:**  THANK YOU SO MUCH.

18           GOOD MORNING, YOUR HONOR, AND EVERYONE PRESENT.

19   PLEASE FORGIVE ME, YOU KNOW, I AM A LITTLE NERVOUS.  I AM

20   BEFORE YOU TAKING RESPONSIBILITY FOR MY DOINGS.

21           I THANK MY FAMILY, PART OF MY FAMILY BEING HERE

22   PRESENT SHOWING ME THEIR SUPPORT.  THE REST OF THEM WEREN'T

23   ABLE TO APPEAR TODAY BECAUSE THERE WAS A DRASTIC CHANGE IN

24   THE DATE OF THE SENTENCE BUT THEY WERE WILLING TO COME.

25           THROUGH THESE PAST THREE YEARS BEING AS A PRISONER

1  IN MDC, IT'S BEEN A LITTLE DIFFICULT BECAUSE OF THE PROCESS

2  THAT WE WENT THROUGH AS A RESULT OF THE PANDEMIC, HURRICANE,

3  DIFFICULT CONDITIONS AND LOCKDOWN 24 HOURS AND THE DIFFICULT

4  SITUATIONS BECAUSE OF LIGHT AND WATER.  IT HAS BEEN A PROCESS

5  OF INSIGHT, YOU KNOW, WHERE I HAVE FOUND MYSELF.  I HAVE

6  FORGIVEN MYSELF AND I HAVE BEEN ABLE TO FORGIVE THE REST OF

7  THE OTHER PEOPLE.

8          IN THIS LIFE, AS INDIVIDUALS AND HUMAN BEINGS, THERE

9  ARE FACTORS WE HAVE NO CONTROL OVER BUT WE HAVE TO DEAL THE

10  BEST WAY WE CAN AND LEARN FROM THAT.

11          IT'S BEEN VERY DIFFICULT AND I HAVE HAD THE SUPPORT

12  OF MY FAMILY BUT RIGHT NOW, MY FATHER, HE WANTS TO RECEIVE ME

13  AT HIS HOME AND MY MOTHER AS WELL BUT THEY ARE BOTH CANCER

14  PATIENTS.

15          UPON SERVING MY SENTENCE, THERE IS A POSSIBILITY

16  THAT ONE OF THEM PASSES AWAY OR BOTH.  THROUGHOUT THE

17  PROCESS, I JUST HAD A GRANDSON AND, IN THIS PROCESS, I

18  HAVEN'T BEEN ABLE TO SEE HIM TAKE HIS FIRST STEPS.  I HAVE

19  NOT BEEN ABLE TO HEAR HIS FIRST WORDS OR TAKE HIM TO SCHOOL

20  FOR THE FIRST TIME.

21          BUT I AM OPTIMISTIC THAT WHEN I PAY FOR MY DEBT FOR

22  WHAT I HAVE DONE, I CAN REJOIN MY FAMILY AND BE A MAN OF GOOD

23  OUT OF THE FREE COMMUNITY.  I HAVE THE INTENTION OF TAKING

24  COURSES AT THE UNIVERSITY IN PRISON, UNIVERSITY COURSES

25  BECAUSE I WANT TO HAVE AN IMPACT ON OTHERS WHEN THEY GO OUT

1   IN THE FREE COMMUNITY.

2           WHAT IS THE MOST IMPORTANT THING FOR ME RIGHT NOW IS

3   MY GRANDSON AND THAT I BE ABLE TO EXPLAIN TO HIM, YOU KNOW,

4   AND SET AN EXAMPLE FOR HIM TO SEE WHAT IS A GOOD MAN, A GOOD

5   CITIZEN, A MAN OF GOOD IN LIFE.

6           I AM COMPLETELY REPENTANT FOR WHAT I HAVE DONE.  I

7   WILL NEVER BE BEFORE A COURT AGAIN AND I APOLOGIZE TO YOU,

8   YOUR HONOR.  I APOLOGIZE TO YOU, YOUR HONOR, THE GOVERNMENT

9   OF THE UNITED STATES FOR THE WASTE OF TIME AND MONEY IN THIS

10  CASE.

11          THANK YOU VERY MUCH, YOUR HONOR.

12          **THE COURT:**  THANK YOU FOR YOUR STATEMENT.

13          AUSA PEREZ-ALONSO.

14          **MR. PEREZ-ALONSO:**  YES, YOUR HONOR.

15          IN THIS CASE, THE DEFENDANT RAFAEL TEXIDOR WAS

16  INSTRUMENTAL IN THE DRUG TRAFFICKING EVENT INVOLVING AT LEAST

17  150 KILOGRAMS BUT LESS THAN 450 KILOGRAMS OF THE COCAINE.

18  THE UNITED STATES STANDS BY THE PLEA AGREEMENT AND

19  RESPECTFULLY REQUESTS A SENTENCE OF 180 MONTHS.

20          THERE IS A STRONG NEED TO DETER THIS DEFENDANT FROM

21  ENGAGING IN FURTHER CRIMINAL CONDUCT.  THE DRUG IMPORTATION

22  SCHEME HERE INVOLVED WAS SIGNIFICANT AND BROUGHT INTO PUERTO

23  RICO A SIGNIFICANT AMOUNT OF KILOGRAMS OF COCAINE WHICH HAVE

24  A PROFOUND IMPACT ON THE COMMUNITY.

25          THE CONDUCT OF THIS DEFENDANT WAS SIGNIFICANT AND

1  WARRANTS A SENTENCE OF 180 MONTHS.  I WILL POINT OUT THAT THE

2  SENTENCE IS SIGNIFICANTLY BELOW THE GUIDELINES CALCULATED IN

3  THE PSR BUT EVEN WITH THE GUIDELINES CALCULATED BY THE

4  PARTIES IN THE PLEA AGREEMENT, IT IS WITHIN THOSE GUIDELINES

5  BECAUSE HE IS A CHC-3 SO HIS GUIDELINES UNDER THE TOTAL

6  OFFENSE LEVEL UNDER THE PLEA AGREEMENT WOULD BE 168 TO 210.

7  SO THE GOVERNMENT'S RECOMMENDATION OF 180 IS JUST 12 MONTHS

8  ABOVE THE LOWER END OF THE RANGE BASED ON THE TOTAL OFFENSE

9  LEVEL CALCULATED IN THE PLEA AGREEMENT.

10        DEFENDANT TEXIDOR-PEREZ'S ROLE, AS CONTAINED IN THE

11  STIPULATION OF FACTS, DESCRIBES HIS CRITICAL ROLE IN PLANNING

12  AND EXECUTING AN INTERNATIONAL DRUG SHIPMENT OF APPROXIMATELY

13  650 KILOGRAMS OF COCAINE USING MULTIPLE BOATS AND NUMEROUS

14  INDIVIDUALS, OVER 20 CREW MEMBERS THAT WERE INVOLVED IN THE

15  OFFENSE.  THE DEFENDANT HAS A SIGNIFICANT CRIMINAL HISTORY OF

16  STATE AND FEDERAL CRIMES AS REFERENCED IN PAGES 10 AND 11 OF

17  THE PSR.

18        NAMELY, HE WAS CONVICTED IN 1999 OF A MONEY

19  LAUNDERING OFFENSE THAT INVOLVED THE PROCEEDS OF NARCOTICS

20  TRAFFICKING.

21        HE WAS CONVICTED IN 2014 OF BOTH POSSESSION OF A

22  STOLEN VEHICLE AND ILLEGALLY FEDERAL FIREARMS VIOLATIONS.

23        SO THIS IS AN ALARMING HISTORY THAT SHOWS AN

24  ESCALATION OF CRIMINAL BEHAVIOR AND SUGGESTS OTHERWISE WHEN

25  SISTER COUNSEL SUGGESTS THAT HE HAS A LOW RISK OF RECIDIVISM,

1    I WOULD ARGUE THAT HIS OWN HISTORY SUGGESTS OTHERWISE.

2           THUS, A SENTENCE OF 180 MONTHS IS FAIR AND THE

3    GOVERNMENT ARGUES THAT IT IS SUFFICIENT AND NOT GREATER THAN

4    NECESSARY TO DETER THIS DEFENDANT FROM ANY FURTHER CRIMINAL

5    CONDUCT.  SO WE REQUEST 180 MONTHS AND ALSO A FIVE-YEAR TERM

6    OF SUPERVISED RELEASE.

7           **THE COURT:**  THANK YOU.  I'M GOING TO TAKE A

8    FIVE-MINUTE BREAK.

9           **COURTROOM DEPUTY:**  ALL RISE.

10          (WHEREUPON, PROCEEDINGS RECESSED FOR FIVE MINUTES.)

11          (BACK ON THE RECORD.)

12          **THE COURT:**  SO THIS IS ONE OF THE CASES THAT I HAVE

13   TO REMIND MYSELF THAT SENTENCES ARE MORE ART THAN SCIENCE AND

14   THAT, WHEN I WAKE UP IN THE MORNING, I KNOW I WILL DISAPPOINT

15   SOMEONE.  SOMETIMES I MANAGE TO DISAPPOINT BOTH SIDES.  I SAY

16   THIS FOR THE FOLLOWING REASONS:  I THINK 135 MONTHS IS TOO

17   LOW.  HE HAS THE MOST SIGNIFICANT CRIMINAL HISTORY OF ALL THE

18   SIMILARLY SITUATED DEFENDANTS IN TERMS OF THE PARTICIPATION

19   IN THE OFFENSE, THE LAND BASED DEFENDANTS.

20          ON THE OTHER HAND, I AM SYMPATHETIC TO THE FACT THAT

21   HE IS GETTING ON IN YEARS AND A SENTENCE ABOVE 135 MONTHS

22   SHOULD BE SUFFICIENT TO COMPLY WITH THE SENTENCING

23   OBJECTIVES.

24          I COULD EASILY SENTENCE HIM TO 210 MONTHS.  THAT

25   WOULD BE WITHIN THE CORRECTLY CALCULATED GUIDELINE RANGE IN

1  THE PLEA AGREEMENT BUT EVERY DEFENDANT IS ENTITLED TO AN

2  INDIVIDUALIZED SENTENCE AND THAT'S WHAT I AM GOING TO DO.

3          MR. TEXIDOR, ALTHOUGH YOU MIGHT BE DISAPPOINTED

4  BECAUSE THE SENTENCE IS NOT THE ONE THAT YOUR ATTORNEY IS

5  ASKING ON YOUR BEHALF, IT IS GOING TO BE LOWER THAN WHAT THE

6  GOVERNMENT IS ASKING FOR.  SO I AM STILL CONSIDERING YOU

7  UNDER THE CIRCUMSTANCES BUT IT IS A SERIOUS OFFENSE.

8          DRUG TRAFFICKING IS POISONING PUERTO RICO AT ALL

9  LEVELS.  WE SEE THIS EVERY DAY.  THE SENTENCE IS GOING TO BE

10  168 MONTHS FOLLOWED BY A FIVE-YEAR TERM OF SUPERVISED

11  RELEASE.  AT HIS AGE, EVERY YEAR IS PRECIOUS.  I HOPE THAT

12  YOU WORK, AS YOU HAVE TOLD ME THAT YOU'RE GOING TO DO, WORK

13  ON YOURSELF SO THAT WHEN YOU REJOIN YOUR FAMILY, IT IS FOR

14  GOOD AND TO SET AN EXAMPLE THAT YOUR GRANDCHILD CAN BE PROUD

15  OF.

16          AGAIN, THE LOW END OF THE RANGE CALCULATED BY THE

17  PARTIES IN THE PLEA AGREEMENT IS NOT SUFFICIENT.

18          ON OCTOBER 5, THE DEFENDANT RAFAEL TEXIDOR-PEREZ

19  PLEAD GUILTY TO COUNT 1 OF THE INDICTMENT FILED IN CRIMINAL

20  CASE NO. 20-CR-382 WHICH CHARGES A VIOLATION OF TITLE 46

21  UNITED STATES CODE, SECTIONS 70503(A)(1), 70506(A) AND (B), A

22  CLASS A FELONY.

23          THE NOVEMBER 1, 2023 EDITION OF THE UNITED STATES

24  SENTENCING GUIDELINES WAS USED TO APPLY THE ADVISORY

25  GUIDELINE ADJUSTMENTS PURSUANT TO GUIDELINE SECTION

1  1B1.11(A).

2       THE GUIDELINE FOR A TITLE 46, UNITED STATES CODE,

3  SECTION 70503(A)(1) OFFENSE IS GUIDELINE SECTION 2D1.1.

4       BECAUSE THE DEFENDANT WAS HELD RESPONSIBLE FOR THE

5  POSSESSION OF AT LEAST 150 KILOGRAMS BUT LESS THAN

6  450 KILOGRAMS OF COCAINE, SO 150 BUT LESS THAN 450, THE BASE

7  OFFENSE LEVEL IS 36 PURSUANT TO GUIDELINE SECTIONS

8  2D1.1(A)(5) AND 2D1.1(C)(2).

9       BECAUSE THE DEFENDANT WAS A MANAGER OR SUPERVISOR

10  BUT NOT AN ORGANIZER OR LEADER, AND THE CRIMINAL HISTORY

11  INVOLVED FIVE OR MORE PARTICIPANTS AND WAS OTHERWISE

12  EXPENSIVE, THREE LEVELS ARE ADDED PURSUANT TO GUIDELINE

13  SECTION 31.1(B).

14       SINCE HE HAS DEMONSTRATED ACCEPTANCE OF

15  RESPONSIBILITY FOR HIS PARTICIPATION IN THE OFFENSE, THE

16  OFFENSE LEVEL IS REDUCED BY THREE LEVELS PURSUANT TO

17  GUIDELINE SECTION 3E1.1(A) AND (B).  THERE ARE NO OTHER

18  APPLICABLE GUIDELINE ADJUSTMENTS.

19       BASED ON A TOTAL OFFENSE LEVEL OF 36 AND A CRIMINAL

20  HISTORY CATEGORY OF THREE, THE GUIDELINE RANGE FOR THIS

21  OFFENSE IS FROM 235 TO 293 MONTHS WITH A FINE RANGE OF 40,000

22  TO $10 MILLION, PLUS A SUPERVISED RELEASE OF AT LEAST FIVE

23  YEARS.

24       THE COURT HAS REVIEWED THE ADVISORY GUIDELINE

25  CALCULATIONS AND FINDS THAT THE PRESENTENCE INVESTIGATION

1    REPORT ADEQUATELY APPLY THE GUIDELINE COMPUTATIONS WHICH

2    SATISFACTORILY REFLECT THE COMPONENTS OF THIS OFFENSE BY

3    CONSIDERING ITS NATURE AND CIRCUMSTANCES, AND THE COURT HAS

4    CONSIDERED THE OTHER SENTENCING FACTORS IN TITLE 18 U.S. CODE

5    §3553(A).

6           MR. TEXIDOR IS A 48-YEAR-OLD U.S. CITIZEN WHO PLANS

7    TO RESIDE IN THE BRONX, NEW YORK WITH HIS FATHER.  HE IS

8    SINGLE AND HAS THREE CHILDREN, TWO ADULTS AND ONE MINOR.  THE

9    DEFENDANT OBTAINED A HIGH-SCHOOL DIPLOMA AND WAS EMPLOYED AT

10   THE TIME HE COMMITTED THE INSTANT OFFENSE.  HE HAS BEEN

11   DIAGNOSED WITH CERTAIN MENTAL HEALTH CONDITIONS.

12          FURTHER, MR. TEXIDOR-PEREZ HAS A HISTORY OF

13   SUBSTANCE ABUSE.  IT IS HIS FOURTH KNOWN CONVICTION.

14   MOREOVER, THE COURT HAS TAKEN INTO CONSIDERATION THE ELEMENTS

15   OF THE OFFENSE AND MR. TEXIDOR-PEREZ'S PARTICIPATION IN THE

16   OFFENSE.

17          THE COURT HAS CONSIDERED A DOWNWARD DEPARTURE

18   PURSUANT TO GUIDELINE SECTIONS §5H1.8 AND §4A1.3 BECAUSE THE

19   DEFENDANT'S CRIMINAL HISTORY CATEGORY OVERREPRESENTS THE

20   SERIOUSNESS OF THE DEFENDANTS' CRIMINAL HISTORY AS TWO OF THE

21   CASES ARE IN PART RELATED TO EACH OTHER.

22          ACCORDINGLY, THE COURT WILL REDUCE THREE POINTS OF

23   THE DEFENDANT'S CRIMINAL HISTORY ESTABLISHING A CRIMINAL

24   HISTORY CATEGORY OF TWO.

25          BASED ON A TOTAL OFFENSE LEVEL OF 36 AND A CRIMINAL

1  HISTORY CATEGORY OF TWO, THE NEW GUIDELINE IMPRISONMENT RANGE

2  FOR THIS OFFENSE IS FROM 110 TO 262 MONTHS.

3        LASTLY, THE COURT HAS CONSIDERED ALL OTHER TITLE 18

4  SECTION 3553 FACTORS, THE PLEA AGREEMENT BETWEEN THE PARTIES

5  FOR A SENTENCING RANGE OF 135 TO 180 MONTHS REGARDLESS OF

6  CRIMINAL HISTORY, THE NEED TO PROMOTE RESPECT FOR THE LAW AND

7  PROTECT THE PUBLIC FROM FURTHER CRIMES BY THE DEFENDANT AS

8  WELL AS ADDRESS THE ISSUES OF DETERRENCE AND PUNISHMENT.

9        THE COURT DEEMS THAT A SENTENCE WITHIN THE GUIDELINE

10  RANGE CALCULATED BY THE PARTIES IS ONE THAT IS JUST AND NOT

11  GREATER THAN NECESSARY.

12        THEREFORE, IT IS THE JUDGMENT OF THIS COURT THAT

13  MR. RAFAEL TEXIDOR-PEREZ IS HEREBY COMMITTED TO THE CUSTODY

14  OF THE BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF 168

15  MONTHS.

16        UPON RELEASE FROM CONFINEMENT, THE DEFENDANT SHALL

17  BE PLACED ON SUPERVISED RELEASE FOR A TERM OF FIVE YEARS

18  UNDER THE FOLLOWING TERMS AND CONDITIONS:

19        THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL,

20  STATE OR LOCAL CRIME AND SHALL OBSERVE THE STANDARD

21  CONDITIONS OF SUPERVISED RELEASE RECOMMENDED BY THE UNITED

22  STATES SENTENCING COMMISSION AND ADOPTED BY THIS COURT.

23        THE DEFENDANT SHALL NOT UNLAWFULLY POSSESS

24  CONTROLLED SUBSTANCES.

25        THE DEFENDANT SHALL REFRAIN FROM POSSESSING

1   FIREARMS, DESTRUCTIVE DEVICES AND OTHER DANGEROUS WEAPONS.

2           THE DEFENDANT SHALL PROVIDE THE U.S. PROBATION

3   OFFICER ACCESS TO ANY FINANCIAL INFORMATION UPON REQUEST.

4           *THE* DEFENDANT SHALL PARTICIPATE IN AN APPROVED

5   MENTAL HEALTH TREATMENT PROGRAM FOR EVALUATION AND OR

6   TREATMENT SERVICES DETERMINATION.  IF DEEMED NECESSARY, THE

7   TREATMENT WILL BE ARRANGED BY THE OFFICER IN CONSULTATION

8   WITH THE TREATMENT PROVIDER.

9           THE MODALITY, DURATION, INTENSITY OF TREATMENT WILL

10  BE BASED ON THE RISKS AND NEEDS IDENTIFIED.

11          THE DEFENDANT WILL CONTRIBUTE TO THE COST OF

12  SERVICES RENDERED BY MEANS OF CO-PAYMENT IN AN AMOUNT

13  ARRANGED BY THE PROBATION OFFICER BASED ON THE AVAILABILITY

14  TO PAY OR THE AVAILABILITY OF THIRD-PARTY PAYMENT.

15          THE DEFENDANT SHALL COOPERATE IN THE COLLECTION OF A

16  DNA SAMPLE, AS A DIRECTED BY A PROBATION OFFICER, PURSUANT TO

17  THE REVISED DNA COLLECTION REQUIREMENTS IN TITLE 18, UNITED

18  STATES CODE, SECTION §3563(A)(9).

19          THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY,

20  HOUSE, VEHICLE, PAPERS, COMPUTERS AS DEFINED IN TITLE 18,

21  §1030(E)(1), OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE

22  DEVICES AND MEDIA TO A SEARCH CONDUCTED BY A UNITED STATES

23  PROBATION OFFICER AT A REASONABLE TIME AND IN A REASONABLE

24  MANNER BASED UPON REASONABLE SUSPICION OF CONTRABAND OR

25  EVIDENCE OF A VIOLATION OF A CONDITION OF RELEASE.

1    FAILURE TO SUBMIT TO A SEARCH, MAY BE GROUNDS FOR

2    REVOCATION OF RELEASE.  THE DEFENDANT SHALL WARN ANY OTHER

3    OCCUPANTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES

4    PURSUANT TO THIS CONDITION.

5    THE DEFENDANT SHALL PARTICIPATE IN AN APPROVED

6    SUBSTANCE ABUSE MONITORING AND/OR TREATMENT SERVICES PROGRAM.

7    THE DEFENDANT SHALL REFRAIN FROM THE UNLAWFUL USE OF

8    CONTROLLED SUBSTANCES AND SUBMIT TO A DRUG TEST WITHIN 15

9    DAYS OF RELEASE; THEREAFTER, SUBMIT TO RANDOM DRUG TESTING NO

10   LESS THAN THREE SAMPLES DURING THE SUPERVISION PERIOD AND NOT

11   TO EXCEED 104 SAMPLES PER YEAR IN ACCORDANCE WITH THE DRUG

12   AFTER CARE PROGRAM POLICY OF THE U.S. PROBATION OFFICE

13   APPROVED BY THIS COURT.

14   IF DEEMED NECESSARY, THE TREATMENT WILL BE ARRANGED

15   BY THE OFFICER IN CONSULTATION WITH THE TREATMENT PROVIDER.

16   HAVING CONSIDERED MR. RAFAEL TEXIDOR-PEREZ'S

17   FINANCIAL CONDITION, A FINE IS NOT IMPOSED.

18   A SPECIAL MONETARY ASSESSMENT IN THE AMOUNT OF $100

19   IS IMPOSED AS REQUIRED BY LAW.

20   MR. TEXIDOR, YOU CAN APPEAL YOUR CONVICTION IF YOU

21   BELIEVE THAT YOUR GUILTY PLEA WAS SOMEHOW UNLAWFUL OR

22   INVOLUNTARY, OR IF THERE IS SOME OTHER FUNDAMENTAL DEFECT IN

23   THE PROCEEDINGS THAT WAS NOT WAIVED BY YOUR GUILTY PLEA.  YOU

24   ALSO HAVE A STATUTORY RIGHT TO APPEAL YOUR SENTENCE UNDER

25   CERTAIN CIRCUMSTANCES, PARTICULARLY IF YOU THINK THE SENTENCE

1    IS CONTRARY TO LAW.

2            WITH FEW EXCEPTIONS, ANY NOTICE OF APPEAL MUST BE

3    FILED WITHIN 14 DAYS OF JUDGMENT BEING ENTERED IN YOUR CASE.

4    IF YOU ARE UNABLE TO PAY THE COST OF AN APPEAL, YOU MAY APPLY

5    FOR LEAVE TO APPEAL IN FORMA PAUPERIS, THAT IS SEEK

6    PERMISSION TO APPEAL AS AN INDIGENT PERSON.

7            IF YOU SO REQUEST, THE CLERK OF THE COURT WILL

8    PREPARE AND FILE A NOTICE OF APPEAL ON YOUR BEHALF.  THE

9    COURT DIRECTS THAT THE TRANSCRIPT OF THE SENTENCING

10   PROCEEDINGS BE FORWARDED TO THE SENTENCING COMMISSION, THE

11   UNITED STATES BUREAU OF PRISONS AS WELL AS THE PROBATION

12   OFFICE WITHIN 30 DAYS.

13           NOW, ATTORNEY VAZQUEZ, IS THERE ANY REQUEST FOR

14   RECOMMENDATION REGARDING DESIGNATION?

15           **MS. VAZQUEZ-TORRES:**  YOUR HONOR, WE WOULD LIKE HIM

16   TO SERVE HIS SENTENCE IN A FACILITY IN THE STATE OF FLORIDA.

17           **THE COURT:**  THE COURT SO RECOMMENDS.  ANYTHING ELSE?

18           **MS. VAZQUEZ-TORRES:**  TO BE ABLE TO PARTICIPATE IN

19   THE DRUG AFTER CARE PROGRAM.

20           **THE COURT:**  THE COURT SO RECOMMENDS.

21           **MS. VAZQUEZ-TORRES:**  THAT WILL BE ALL ON BEHALF OF

22   THE DEFENDANT.  THANK YOU.

23           **THE COURT:**  AUSA PEREZ-ALONSO, ARE THERE ANY COUNTS

24   TO BE DISMISSED IN THIS CASE?

25           **MR. PEREZ-ALONSO:**  YES, SIR.  WE MOVE TO DISMISS THE

1    REMAINING COUNTS OF THE INDICTMENT.

2              **THE COURT:**  GRANTED.  AND LEAVE TO WITHDRAW IS ALSO

3    GRANTED.

4              (PROCEEDINGS CONCLUDE AT 11:05 A.M.)

```
 1    UNITED STATES DISTRICT COURT )
      DISTRICT   OF    PUERTO RICO )
 2

 3                        REPORTER'S CERTIFICATE

 4

 5             I, ROBIN MARIE DISPENZIERI, FEDERAL OFFICIAL COURT

 6    REPORTER FOR THE UNITED STATES DISTRICT COURT FOR THE

 7    DISTRICT OF PUERTO RICO, APPOINTED PURSUANT TO THE PROVISIONS

 8    OF TITLE 28, UNITED STATES CODE, SECTION 753, DO HEREBY

 9    CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

10    COMPUTER-AIDED TRANSCRIPT OF PROCEEDINGS HAD IN THE NUMBERED

11    CAUSE ON THE DATE HEREIN SET FORTH; AND I DO FURTHER CERTIFY

12    THAT THE FOREGOING TRANSCRIPT HAS BEEN PREPARED BY ME OR

13    UNDER MY DIRECTION.

14

15             DATED THIS 12TH DAY OF MAY 2024.

16

17

18

19             /S/ ROBIN MARIE DISPENZIERI
               _____
20             ROBIN MARIE DISPENZIERI, RPR
               OFFICIAL COURT REPORTER
21             UNITED STATES DISTRICT COURT OF PUERTO RICO
               150 AV. CARLOS E. CHARDÓN
22             SAN JUAN, PUERTO RICO  00918
               EMAIL: RDISPENZIERI@GMAIL.COM
23

24

25
```